UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

```
*   *   *   *   *   *   *   *
                            *
TRANS AMERICAN BROKERAGE, INC.,  *
P.O. Box 3329               *
Maple Glen, PA 19002,       *
                            *
            Petitioner,     *
                            *
       v.                   *   Case No. _____
                            *
MRS. SMITH'S BAKERIES, INC.,  *
2855 Rolling Pin Lane       *
Suwanee, GA 30024,          *
                            *
            Respondent.     *
                            *
*   *   *   *   *   *   *   *
```

### PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

Petitioner, Trans American Brokerage, Inc. (hereafter referred to as "TAB"), by its attorneys Duane Morris LLP, hereby petitions the Court pursuant to 9 U.S.C. § 207 or, in the alternative, pursuant to 9 U.S.C. § 9, for the entry of an Order confirming and entering judgment on the Final Arbitration Award (the "Final Award") entered in an arbitration proceeding between the parties hereto, and in support thereof avers as follows:

### PARTIES

1. Trans American Brokerage, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Maple Glen, Pennsylvania.

2. Mrs. Smith's Bakeries, Inc. ("MSB") is a corporation organized and existing under the laws of the state of Georgia, with its headquarters and principal place of business located at 2855 Rolling Pin Lane, Suwanee, Georgia 30024.

## JURISDICTION AND VENUE

3. The citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

4. Venue is proper under 28 U.S.C. § 1391 and venue is also proper because the Award which TAB seeks to confirm in this proceeding was made within this district.

## FACTUAL ALLEGATIONS

5. On January 30, 1999, TAB and MSB entered into a "Distributor's Agreement," a true and correct copy of which is attached hereto as Exhibit "A." Under the Distributor's Agreement, TAB was granted the exclusive right to distribute all of MSB's products in the 16 member nations of the European Union and Switzerland for a period of three years.

6. The Distributor's Agreement provided in paragraph 5 that "[a]ny dispute arising out of or relating to this Agreement shall be submitted to arbitration under the Rules of the American Arbitration Association, and judgment upon any award may be entered in any court having jurisdiction thereof."

7. The Distributor's Agreement further provided in paragraph 5 that "the prevailing party of any arbitration shall be entitled to an award of reasonable attorney fees."

8. MSB breached the Distributor's Agreement by, inter alia, prematurely and improperly terminating the contract, failing and refusing to supply TAB with MSB products (specifically,

pies) for distribution and resale by TAB in Europe, and failing and refusing to carry out numerous other of its obligations under the Distributor's Agreement associated with the introduction by TAB of MSB's products into Europe.

9. Because of MSB's breach of the Distributor's Agreement, and pursuant to the arbitration provision in paragraph 5 of the Distributor's Agreement, on or about May 12, 2000, TAB instituted an arbitration proceeding against MSB with the American Arbitration Association (the "AAA") in Philadelphia, Pennsylvania. A true and correct copy of TAB's Demand for Arbitration is attached hereto as Exhibit "B."

10. Ultimately, B. Christopher Lee, Esquire of the law firm of Jacoby & Donner, P.C., of Philadelphia, Pennsylvania, (the "Arbitrator") was selected by the parties and appointed by the AAA to preside over all aspects of the arbitration proceeding.

11. Arbitration hearings were held before the Arbitrator in Philadelphia, Pennsylvania on September 25, 26 and 28, on October 1 and 2, on November 14, 15, 16, 27 and 28, and on December 18, 2001. The complete transcript of the arbitration hearings totals more than 2,600 pages. At the arbitration hearings the parties were present, were represented by legal counsel and were given a full opportunity to present, and did present, evidence, witnesses, and arguments to support their respective positions. In addition, the parties were given the opportunity to submit, and did submit, extensive legal briefs and memoranda of law.

12. By a 27-page Interim Award dated March 20, 2002 (the "Interim Award"), the Arbitrator found in favor of TAB and against MSB in the amount of $9,818,693.00 plus prejudgment interest at the Pennsylvania statutory rate of six percent (6%) per annum from January 30, 2002. (Interim Award, p. 26) The Arbitrator further ruled, consistent with paragraph

6 of the Distributor's Agreement, that MSB was barred from selling its products in the Territory governed by the Agreement until January 30, 2003. (Interim Award, p. 25-26)

13. A Final Award was issued by the Arbitrator on June 11, 2002. The Interim Award is attached to and incorporated by reference in the Final Award. In the Final Award, in addition to restating the $9,818,693.00 damages award set forth in the Interim Award, the Arbitrator further ruled that, "for a period of one (1) year from January 30, 2002, MSB shall not, directly or indirectly, sell, market or distribute any of its products in any of the following countries unless the parties first agree in writing as to an ongoing commission structure: Germany, France, United Kingdom, Spain, Belgium, The Netherlands, Ireland, Austria, Italy, Finland, Portugal, Luxembourg, Denmark, Sweden, Greece, Switzerland." A true and correct copy of the Final Award, including the Interim Award which is attached thereto and incorporated by reference therein, is attached hereto as Exhibit "C."

14. In the Final Award, the Arbitrator also awarded TAB the amount of $797,851.04 representing the reasonable costs and attorneys' fees incurred by TAB; $21,948.22 for that portion of the Arbitrator's compensation advanced by TAB; and $2,750.00 for that portion of administrative fees and expenses advanced by TAB.

15. The Final Award is final and binding on the parties, and has not been corrected, vacated, set aside, suspended, or modified and is enforceable in this Court pursuant to the terms of the Distributor's Agreement and applicable law.

16. To date, MSB has not complied with the Final Award.

17. By filing this Petition in a timely fashion, by attaching copies of the Distributor's Agreement and the Final Award, and by serving MSB with a copy of this Petition and the papers

submitted together herewith, TAB has complied with the procedural requirements for a petition to confirm an arbitration award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, as codified in the Federal Arbitration Act at 9 U.S.C. § 201, and under the Federal Arbitration Act, 9 U.S.C. §§ 9, 13.

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum of Law, petitioners Trans American Brokerage, Inc. requests that this Court confirm the Final Award entered against respondent MSB and enter the same as a judgment against MSB, as follows:

1. Judgment in favor of Trans American Brokerage, Inc. and against Mrs. Smith's Bakeries, Inc. in the amount of $9,818,693.00 plus prejudgment interest at the rate of 6% per annum (which is $1,614.03 per day) from January 30, 2002 through the date of entry of said judgment by this Court, representing the damages to Trans American Brokerage, Inc. from Mrs. Smith's Bakeries, Inc.'s breach of the Distributor's Agreement; and

2. For a period of one (1) year from January 30, 2002, Mrs. Smith's Bakeries, Inc. shall not, directly or indirectly, sell, market or distribute any of its products in any of the following countries unless Mrs. Smith's Bakeries, Inc. and Trans American Brokerage, Inc. first agree in writing as to an ongoing commission structure: Germany, France, United Kingdom, Spain, Belgium, The Netherlands, Ireland, Austria, Italy, Finland, Portugal, Luxembourg, Denmark, Sweden, Greece, Switzerland; and

3. Mrs. Smith's Bakeries, Inc. shall pay to Trans American Brokerage, Inc. the amount of $797,851.04, representing the costs and reasonable attorneys' fees incurred by Trans American Brokerage, Inc. in connection with the Arbitration proceeding; and

4. Mrs. Smith's Bakeries, Inc. shall pay to Trans American Brokerage, Inc. the amount of $21,948.22 for that portion of the compensation of the Arbitrator it previously advanced and $2,750.00 for that portion of administrative fees and expenses it previously advanced; and

5. An award of the attorneys' fees and costs incurred by Petitioners in connection with this Petition; and

6. Post-judgment interest on all of the above amounts; and

7. Such other relief as the Court may deem appropriate.

Respectfully submitted,

DUANE MORRIS LLP

Dated: June 17, 2002

_____
Wayne A. Mack
John J. Soroko
J. Manly Parks
One Liberty Place
Philadelphia, PA 19103
215.979.1152/1125/1342

Attorneys for Petitioner
Trans American Brokerage, Inc.